**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMINITA DIALLO, | ) | |
| | ) | Case No. 3:26-cv-00918 |
| *Petitioner*, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | |
| | ) | |
| WARDEN, MOSHANNON VALLEY ICE PROCESSING CENTER, *et al.*, | ) | |
| | ) | |
| *Respondents*. | ) | |

**ORDER**

Presently before the Court is Petitioner Aminita Diallo's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. As now framed by the parties' submissions, Petitioner challenges her mandatory detention under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, and seeks an individualized bond hearing under Section 1226(a). For the reasons that follow, the Petition will be **DENIED** without prejudice.

## I. BACKGROUND

Petitioner is a national and citizen of Guinea. ECF No. 5-3, p. 1. On February 18, 2024, she entered the United States at or near Otay Mesa, California. *Id.* On September 5, 2025, Petitioner was arrested by the New York City Police Department and charged with the offenses of Burglary: Illegal Entry with Criminal Intent; Criminal Mischief 3rd Degree: Damage Another Person's Property; and Assault 3rd Degree: With Intent to Cause Physical Injury. ECF No. 5-2, p. 2. Petitioner was detained by Immigration and Customs Enforcement ("ICE") on October 28, 2025, and is currently held at the Moshannon Valley Processing Center ("MVPC"). ECF Nos. 1, ¶ 1; 5-2, p. 2.

On May 15, 2026, Petitioner filed a Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. The Government filed a response in opposition. ECF No. 5. Petitioner then filed a reply. ECF No. 7.

## II. DISCUSSION

Petitioner initially argued that she was detained under 8 U.S.C. § 1225(b) instead of 8 U.S.C. § 1226(a), and requested immediate release. ECF No. 1, ¶¶ 29, 46. The Government responded that Petitioner was detained under 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, because she was arrested for and charged with burglary in violation of New York state law. ECF No. 5, p. 6. The Court then ordered Petitioner to respond to the Government's contention and address her alleged criminal record. ECF No. 6. Petitioner responded that the Government had not established that her New York charges fall within Section 1226(c). ECF No. 7, pp. 2-4. Alternatively, she argued that, even assuming her underlying arrest initially permitted detention under Section 1226(c), the subsequent dismissal, abandonment, or termination of the underlying criminal charges removed her from Section 1226(c)'s mandatory detention regime. *Id.* Thus, although Petitioner originally sought immediate release on a different statutory theory, the relief she now seeks turns on whether she is properly classified under Section 1226(c).

The Court has twice declined to resolve a detainee's Section 1226(c) classification before the detainee pursued the administrative procedure available to challenge that classification. *See Castelan Lozano v. Oddo*, No. 3:26-cv-00144 (W.D. Pa. May 1, 2026), ECF No. 10; *see also Dorcilhomme v. Bondi*, No. 3:26-cv-00663, 2026 WL 1998736 (W.D. Pa. July 10, 2026). In both cases, although the Court had habeas jurisdiction to consider legal challenges to immigration detention, the Court concluded that the petitioner should first pursue a *Joseph* hearing before

asking this Court to determine whether Section 1226(c) properly governed their detention. The Court sees no reason to depart from that approach here.

Federal regulations provide that a noncitizen may seek a determination from an immigration judge that they are not properly included within the mandatory detention provisions of Section 1226(c). *See* 8 C.F.R. § 1003.19(h)(2)(ii); *see also Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). In the Third Circuit, where a detainee seeks such a *Joseph* hearing, the Government bears the burden of establishing by a preponderance of the evidence that the detainee is properly included within Section 1226(c), "as both a factual and a legal matter," and the Government must make available a contemporaneous record of the hearing. *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 325-26, 333-36 (3d Cir. 2021).

Because Petitioner has not requested a *Joseph* hearing or shown that the process is unavailable, unreasonably delayed, or inadequate, the Petition will be **DENIED** without prejudice. Accordingly, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice to Petitioner seeking a *Joseph* hearing and thereafter seeking habeas relief as appropriate, or renewing her habeas petition if that process is unavailable, unreasonably delayed, or inadequate.
2. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
Stephanie L. Haines
United States District Judge
August 19, 2026

Cc/ECF: all counsel of record